IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SHANNON RAY SINGLETON | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-54 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Shannon Ray Singleton, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Discussion

On April 12, 2018, in the 506th District Court for Grimes County, Texas, Petitioner was convicted of Continuous Sexual Abuse of a Child Under 14 and sentenced to a term of imprisonment for life in the Texas Department of Criminal Justice, Correctional Institutions Division. Petitioner brings this Petition contesting his conviction and sentence asserting trial counsel provided ineffective assistance of counsel.

Pursuant to 28 U.S.C. § 2241(d), a Petitioner may bring his Petition for Writ of Habeas Corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Wainwright Unit located in Lovelady, Texas. However, Petitioner was convicted and sentenced in Grimes County, Texas. Pursuant to 28 U.S.C § 124, Grimes County is in the Houston Division of the Southern District of Texas.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this Petition were transferred to the division in which the Petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since Petitioner complains of a conviction which occurred in the Houston Division of the Southern District of Texas and all records and witnesses involving this action may be located in the Southern District, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this Petition should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 31st day of March, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE